**UNITED STATES BANKRUPTCY COURT**
DISTRICT OF SOUTH DAKOTA
ROOM 211
FEDERAL BUILDING AND U.S. POST OFFICE
225 SOUTH PIERRE STREET
PIERRE, SOUTH DAKOTA 57501-2463

IRVIN N. HOYT
BANKRUPTCY JUDGE

TELEPHONE (605) 224-0560
FAX (605) 224-9020

June 22, 2005

Robert E. Hayes, Esq.
Counsel for Plaintiff-Trustee
P.O. Box 1030
Sioux Falls, South Dakota 57101-1030

Colby M. Lessmann, Esq.
Counsel for Defendant
P.O. Box 912
Sioux City, Iowa 51102

David L. Reinschmidt, Esq.
Counsel for Defendant
P.O. Box 912
Sioux City, Iowa 51102

Jonathan K. Van Patten, Esq.
Counsel for Defendant
P.O. Box 471
Vermillion, South Dakota 57069

    Subject: ***Lovald v. AGA, Inc.***
               ***(In re Dale R. Hennigs and Karla M. Hennigs)***
               Adv. No. 04-4015
               Chapter 12; Bankr. No. 02-40692

Dear Counsel:

    The matter before the Court is Chapter 7 Trustee John S. Lovald's ("Trustee Lovald") motion for summary judgment. This is a core proceeding under 28 U.S.C. § 157(b)(2). This letter decision and accompanying order shall constitute the Court's findings and conclusions under Fed.R.Bankr.P. 7052. As set forth below, Trustee Lovald's motion will be granted.

    **Summary**. The relevant facts are set forth in detail in the Court's March 30, 2005 Decision Re: Defendant's Motion for Summary Judgment and need not be repeated herein.

    Following the entry of the Court's March 30, 2005 Order, on May 12, 2005, Trustee Lovald filed a motion for summary judgment. On May 24, 2005, he filed a brief in support of his motion. On June 8, 2005, Defendant AGA, Inc. ("AGA") filed a brief in

Re: *Lovald v. AGA, Inc.*
June 22, 2005
Page 2

opposition to Trustee Lovald's motion.[1] On June 13, 2005, Trustee Lovald filed a reply brief in further support of his motion.

The matter was taken under advisement.

**Discussion.** In considering Trustee Lovald's motion, the Court is guided by the same law that governed its consideration of AGA's earlier motion for summary judgment. That law is also set forth in the Court's March 30, 2005 Decision Re: Defendant's Motion for Summary Judgment and need not be repeated herein.

Pursuant to 11 U.S.C. § 549(a), "the trustee may avoid a transfer of property of the estate . . . that occurs after the commencement of the case . . . and . . . that is not authorized under [the Bankruptcy Code] or by the court."

> Section 549 of the Bankruptcy Code provides that a trustee may avoid a transfer of property of the estate that occurs after the commencement of the case and that is not authorized. Section 549(a) involves a four-part inquiry. The trustee must show that: (1) after commencement of the bankruptcy in question; (2) property of the estate; (3) was transferred; and (4) the transfer was not authorized by the bankruptcy court or by a provision of the Bankruptcy Code.

*Nelson v. Kingsley (In re Kingsley)*, 208 B.R. 918, 920 (B.A.P. 8th Cir. 1997) (citations omitted).

In this case, there is no dispute that AGA withheld and retained $101,710.21 after commencement of Debtors' bankruptcy case. Debtors' bankruptcy case was commenced on June 24, 2002. AGA withheld and retained the first $3,240.00 of the $101,710.21 on September 25, 2002.

There likewise can be no dispute that the $101,710.21 was property of the estate, 11 U.S.C. §§ 1207(a) and 541(a)(6), or that AGA's withholding and retaining the $101,710.21 was in fact a transfer (or more accurately, a series of transfers). 11 U.S.C. § 101(54).

Finally, pursuant to the Court's October 8, 2002 Order Approving Stipulation for Preliminary Use of Cash Collateral, Debtors were authorized to use $30,000.00 to pay storage fees for the grain AGA sold on their behalf. However, none of the other transfers were authorized by the Court or by a provision of the

---

[1] On that same date, AGA also filed an application for payment of an administrative expense. That application is currently pending.

bankruptcy code. In its brief in resistance to Trustee Lovald's motion, AGA argues that its withholding and retaining the pre-petition charges "may be better viewed as a matter of setoff." However, AGA did not raise this argument in its answer. Thus, it is not properly before the Court. Moreover, nothing in the record suggests that either AGA or Debtors in fact believed AGA was exercising a right of setoff at the time of the transfers. In addition, AGA has not taken the appropriate steps to exercise any right of set-off it may have had (or may still have), see 11 U.S.C. §§ 362 and 553, and the instant adversary proceeding is not the appropriate mechanism for exercising any such right.

Trustee Lovald may therefore avoid all of the transfers, with the exception of the $30,000.00 transfer that was authorized by the Court. AGA shall promptly remit the sum of $71,710.21 to Trustee Lovald.[2]

Depending on the outcome of AGA's pending application for payment of an administrative expense in the bankruptcy case and the liquidity of the bankruptcy estate, Trustee Lovald may, of course, ultimately return some portion of the $71,710.21 to AGA. However, until that time, Trustee Lovald is the appropriate party to retain possession of those bankruptcy estate funds. See 11 U.S.C. § 704(1) and (2).

The Court will enter an appropriate order.

Sincerely,

Irvin N. Hoyt
Bankruptcy Judge

I hereby certify that a copy of this document was electronically transmitted, mailed, hand delivered or faxed this date to the parties on the attached service list.

JUN 22 2005

Charles L. Nail, Jr., Clerk
U.S. Bankruptcy Court, District of South Dakota
By_____

INH:sh

NOTICE OF ENTRY
Under F.R.Bankr.P. 9022(a)
Entered

JUN 22 2005

Charles L. Nail, Jr., Clerk
U.S. Bankruptcy Court
District of South Dakota

cc: case file (docket original; serve parties in interest)

---

[2] This sum represents the pre-petition charges of $47,573.50, the finance charges of $3,324.87, and the unauthorized post-petition charges of $20,811.84 ($50,811.84 less the $30,000.00 authorized by the Court). The Court does not agree with AGA that the $30,000.00 may be applied against the pre-petition charges. Nothing in the Court's October 8, 2002 Order Approving Stipulation for Preliminary Use of Cash Collateral suggests that such a credit against AGA's pre-petition claim against Debtors was considered, much less authorized.

AGA, Inc. dba Alcester Grain
Attn: Bill Boyer, Registered Agent
100 Iowa St.
Alcester, SD 57001

Clair R. Gerry
PO Box 966
Sioux Falls, SD 57101

Robert E. Hayes
PO Box 1030
Sioux Falls, SD 57101-1030

Colby M. Lessmann
David L. Reinschmidt
600 Fourth Street
303 Terra Centre
PO Box 912
Sioux City, IA 51102


John S. Lovald
Trustee
PO Box 66
Pierre, SD 57501


Jonathan K. Van Patten
PO Box 471
Vermillion, SD 57069